[No. 2812-7-III.   Division Three.   January 8, 1980.]

THE STATE OF WASHINGTON, *Respondent*, v. WILFORD DAVIS, *Appellant*.

*Mark E. Vovos* and *Vovos & Voermans,* for appellant.

*Douglas S. Boole, Prosecuting Attorney,* and *Thomas Benner, Deputy,* for respondent.

MUNSON, J.—Wilford Davis appeals from the denial of a personal restraint petition which had been referred for an evidentiary hearing on the merits. Based upon that hearing, the trial court denied the petition. We remand for further evidentiary proceedings.

In the early morning hours of Thanksgiving Day 1974, a shootout occurred in the Peerless Hotel in Oroville, Washington. David Stafford was killed and Wilford Davis was severely wounded.

Wilford Davis was convicted on April 18, 1975, of first-degree murder; this court affirmed that conviction in an unpublished opinion, *State v. Davis,* 16 Wn. App. 1022 (1976). The Washington Supreme Court denied his petition for review.

About a year after Davis' conviction, Stafford's widow sought compensation under the crime victim's compensation act, RCW 7.68. While that claim was pending, two witnesses were located who were unknown to either the prosecution or the defense at the time of Davis' trial. At the crime victim's compensation hearing, both witnesses testified to their knowledge surrounding the events at the Peerless Hotel.

In May 1977, Wilford Davis filed a personal restraint petition for post-conviction relief based in part on the testimony of the newly discovered witnesses. This court found that Davis' petition had made a prima facie showing that material facts existed which had not been previously presented and heard (RAP 16.4(c)(3)) and ordered the petition remanded to the trial court "for disposition on the merits." *See* RAP 16.12.

At the evidentiary hearing Doyle Putman, one of the newly discovered witnesses, testified that prior to the shooting, the victim and others had conspired to kill Davis. Putman also testified that he had been at the hotel at the time of the shooting and had seen Stafford shoot first. The other witness, Shari Gates, was unavailable at the time of the evidentiary hearing but her transcribed testimony from the crime victim's compensation hearing was admitted as an exhibit. She corroborated Putman's testimony that there had been a conspiracy to kill Davis; however, she had not witnessed the shooting. Law enforcement officers, called at the evidentiary hearing, disputed Doyle Putman's testimony that he had been present when the shooting occurred.

After the hearing, the trial judge entered findings of fact and conclusions of law in which he found Doyle Putman's testimony, except that which was corroborated, neither credible nor reliable and would not justify a new trial. The trial judge found that Shari Gates' testimony, "while favorable to the defendant's theory," did not "bear directly [on] the crucial issue of who fired first." The trial judge concluded there was no evidence that Shari Gates would be available and even if she were available, her testimony would not justify a new trial. Based upon its findings and conclusions, the trial court dismissed Davis' personal restraint petition. Davis appeals this dismissal. RAP 16.14(b).

Davis contends that when the appellate court transfers a personal restraint petition to the trial court for a disposition on the merits, the trial court does not have the

authority to weigh the credibility of the evidence. He argues that once the testimony is taken, the trial judge is to determine only the relevancy and materiality of that evidence and then order a new trial so that a jury might determine the credibility of the witnesses and the weight to be given their testimony. We disagree.

Preliminarily, RAP 16.11(b) authorizes this court to remand issues raised in a personal restraint petition to the superior court for a determination on the merits or for a reference hearing. When the case is transferred for a disposition on the merits, as was done here, the "superior court shall enter findings of fact and conclusions of law and an order deciding the petition." RAP 16.12. *See Wright v. Morris*, 85 Wn.2d 899, 540 P.2d 893 (1975), for similar procedures under the preceding rule for granting post–conviction relief, CrR 7.7.

Pertinent to this appeal, Davis' personal restraint petition alleged that material facts existed not previously presented and heard, *i.e.,* two newly discovered witnesses. Because this court does not determine questions of fact, the matter was referred to the Superior Court for a hearing on the merits. It was the intent of this court that the trial court determine the credibility of the witnesses.[1] Such a hearing is analogous to a motion based upon newly discovered evidence. CR 59(a)(4); CR 60(b)(3); CrR 7.6. *See* approved draft of *ABA Standards Relating to Post–Conviction Remedies* § 2.1(a)(v), at 32[2] and Commentary, at

---

[1]Even if a reference hearing had been ordered, the trial court is required to enter findings of fact (not conclusions of law nor an order). Thus, it is implicit that the trial court pass on the credibility of the witnesses at either hearing. RAP 16.12.

[2] "A post–conviction remedy ought to be sufficiently broad to provide relief
"(a) for meritorious claims challenging judgments of conviction, including claims:
" . . .
"(v) that there exists evidence of material facts, not theretofore presented and heard, which require vacation of the conviction or sentence in the interest of justice;"

33,[3] Commentary, at 87[4] (1968).

■■ On a motion for a new trial based on newly discovered evidence, the following five requirements must be met before a new trial will be granted: (1) the evidence must be such that the results will probably change if a new trial were granted; (2) the evidence must have been discovered since the trial; (3) the evidence could not have been discovered before the trial by exercising due diligence; (4) the evidence must be material and admissible; and (5) the evidence cannot be merely cumulative or impeaching. The trial court in granting a new trial has broad discretion which will not be disturbed except for a manifest abuse of discretion. *State v. Letellier*, 16 Wn. App. 695, 699–700, 558 P.2d 838 (1977). Ordinarily, in an evidentiary hearing on a petition for post–conviction relief, the proponent of factual contentions has the burden of establishing those facts by a preponderance of the evidence. Approved draft of *ABA Standards Relating to Post–Conviction Remedies* § 4.6(d), at 72 (1968).

We hold it is within the province of the trial court to pass upon the credibility of witnesses in a hearing on the merits under RAP 16.12. In *State v. Rolax*, 84 Wn.2d 836, 838, 529 P.2d 1078 (1974), *overruled on other grounds, Wright v. Morris, supra*, petitioner alleged in a petition for

---

[3] "The inclusion in a post–conviction system of a remedy analogous to the motion for new trial on newly discovered evidence is a departure from the ordinary structure of existing post–conviction remedies, but there exists a close relationship between the factual issues that such motions raise and the other grounds for post–conviction relief."

[4] "The proffer by an applicant of new evidence on a claim previously raised is analogous to the conventional motion for new trial on newly discovered evidence. See § 2.1(a)(v), *supra*. Where the evidence relates to the issue of guilt or innocence, courts are properly reluctant to reopen inquiry unless the new matter would likely have discernible impact upon the ultimate resolution, or conversely stated, unless there is substantial prejudice to the applicant in permitting a judgment to stand even though rendered without this new evidence before the trier of fact. Where the evidence relates to the essential fairness of the proceeding leading to conviction, including claims of denial of constitutional guarantees, there is greater reason to seek full consideration of the merits."

post–conviction relief that a principal witness had perjured himself at trial as to a material fact and later recanted that testimony. On remanding for a hearing on the merits, the court stated:

> After a hearing on the merits, [the Superior Court] shall determine whether the testimony was, in fact, perjured and, if so, whether the jury's verdict of guilty was likely to be influenced thereby.

Thus, in determining what effect the newly discovered evidence might have on a future trial, the trial court is required to determine the weight and sufficiency of the evidence, as well as credibility. The trial judge did not believe that Putman's presence at the time of the shooting had been established by a preponderance of the evidence. We would normally defer to that conclusion.

Next, we address the effect of Shari Gates' testimony. The trial judge did not believe that her transcribed testimony from the crime victim's compensation hearing would be admissible at a new trial. Without deciding, we are inclined to agree with that conclusion.

Nonetheless, he did characterize her transcribed testimony as "favorable to the defendant's theory," although he found her testimony was primarily "'background' and to some extent cumulative . . ." In addition, he found her testimony did not bear directly on the crucial issue of who fired first. He also found, however, that Doyle Putman had told one of the law enforcement officers that a shooting was to take place but that "the incident he foretold was different from the actual shooting in several respects." All of these findings and the testimony suggest there may have been a conspiracy to assault or kill Davis even though the trial judge did not believe there had been a credible eyewitness to the shooting itself.

The trial court apparently believed a new trial would be justified only if the probable result would be acquittal. If, however, a jury believed there was a conspiracy to harm or kill Davis, they might well be persuaded that Davis shot in self–defense, or had not fired with premeditated design.

Three witnesses tend to corroborate Davis' theory of a conspiracy which goes directly to his claim of self–defense. Given his conviction for first–degree murder, we find that the conspiracy testimony could affect the result of a second trial as far as the *degree* of homicide even if Davis were not completely exonerated.

Davis' counsel has informed us that Shari Gates has been located; she is apparently living in Canada. Whether she would voluntarily return to this country to testify or whether the prosecutor and defense counsel could obtain her deposition for use in an evidentiary hearing on Davis' petition or for retrial is at this point conjectural. Therefore, we remand for reconsideration as to Shari Gates' testimony.

If she is available, either in person or by deposition, the trial court should determine her credibility and the weight and sufficiency of her testimony as it relates to the theory of a conspiracy and Davis' claim of self–defense. The trial court should consider her testimony as it tends to corroborate Putman's on the conspiracy theory and the effect that the weight of both witnesses' testimony might have on the degree of homicide, even if the homicide were not found to be excusable.

■ Apparently there was a denial by the Department of Labor and Industries of the claim of the victim's widow for compensation which was appealed to the Board of Industrial Insurance Appeals. RCW 7.68.110. Other than Shari Gates' testimony, the trial court was not provided with any other testimony from that appeal, nor the findings of fact, conclusions of law and order of the board. We are dismayed that neither party offered that evidence as bearing upon or in support of the credibility or lack of credibility which that body placed upon the testimony of either or both of these witnesses. While we do not propose to tell counsel how to proceed with their evidence, we do feel compelled, pursuant to RAP 9.11(a), to direct Davis' counsel to procure and offer at least the findings, conclusions of law and order of

the Board of Industrial Insurance Appeals in evidence at the remand hearing for consideration by the trial judge to assist him in passing upon the credibility of the witnesses.

Davis also raised on this appeal an instruction on self-defense given at his original trial. Davis contends there has been a substantial change in the law and that *State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977), should be given retroactive effect. In light of *In re Myers,* 91 Wn.2d 120, 587 P.2d 532 (1978), we find *State v. Roberts, supra,* does not have retroactive application.

The matter is remanded for further proceedings and reconsideration of the merits of the petition in accordance with this opinion.

GREEN, C.J., and ROE, J., concur.