[No. 12877-9-I.   Division One.   April 30, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. SHAH JAHAN MALIK, *Appellant.*

*Santiago E. Juarez,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Barbara Corey-Boulet, Deputy,* for respondent.

WILLIAMS, J.—Shah Jahan Malik was charged by information with violating the Uniform Controlled Substances Act by delivering heroin. RCW 69.50.401. He entered a plea of guilty on September 1, 1982. On October 22, 1982, judgment was entered sentencing him to a 10–year prison term. On January 27, 1983, Malik's motion to withdraw the guilty plea was denied. He appeals; we affirm.

Malik, a citizen of Pakistan, was arrested after he sold police officers a substantial quantity of heroin. After pleading guilty and upon learning that the federal government planned to institute deportation proceedings, Malik moved to withdraw his plea, primarily contending that it was invalid because he did not know that deportation would result from it.

The first question is whether Malik's plea was involuntary because he did not understand its consequences. The rule is that a defendant

> must be informed of all the direct consequences of his plea prior to acceptance of a guilty plea. On the other hand, defendant need not be advised of all possible collateral consequences of his plea. *Cuthrell v. Director,* 475 F.2d 1364 (4th Cir. 1973). The distinction between direct and collateral consequences of a plea "turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment". *Cuthrell,* at 1366.

*State v. Barton,* 93 Wn.2d 301, 305, 609 P.2d 1353 (1980).

In a case involving the same problem, the Ninth Circuit Court of Appeals stated:

> We agree with the Second Circuit that when, as in the case of deportation, the consequence in issue "was not the sentence of the court which accepted the plea but of another agency over which the trial judge has no control and for which he has no responsibility" (*Michel v. United States,* [507 F.2d 461, 465 (2d Cir. 1974)]), Rule 11 imposes no duty on the District Court to advise a defendant of such consequences. The collateral conse-

quences flowing from a plea of guilty are so manifold that any rule requiring a district judge to advise a defendant of such a consequence as that here involved would impose an unmanageable burden on the trial judge and "only sow the seeds for later collateral attack." *United States v. Sherman,* 474 F.2d 303, 305 (9th Cir. 1973).

*Fruchtman v. Kenton,* 531 F.2d 946, 949 (9th Cir.), cert. denied, 429 U.S. 895 (1976). We agree.

The possibility of deportation was a collateral consequence of Malik's guilty plea. *Fruchtman v. Kenton, supra; United States v. Santelises,* 509 F.2d 703 (2d Cir. 1975); *Michel v. United States,* 507 F.2d 461 (2d Cir. 1974); *United States v. Sambro,* 454 F.2d 918 (D.C. Cir. 1971); *United States v. Parrino,* 212 F.2d 919 (2d Cir.), cert. denied, 348 U.S. 840 (1954). The trial court did not err by denying his motion to withdraw the plea. *State v. Barton, supra.*

The next question is whether Malik was denied effective assistance of counsel in entering his plea. "In the plea bargaining context, effective assistance of counsel means that counsel actually and substantially assisted his client in deciding whether to plead guilty." *State v. Cameron,* 30 Wn. App. 229, 232, 633 P.2d 901 (1981). Malik contends that because his attorney did not tell him that conviction of an offense involving heroin would inevitably result in his deportation, he was denied effective assistance of counsel.

In an affidavit, made part of the record, Malik's trial attorney set forth the advice he gave regarding deportation.

I advised Mr. Malik that it was possible that he would be deported from the United States to Pakistan in the event of a finding of guilty or plea of "guilty" and that he may need to contact and obtain the services of a private attorney specializing in the area of immigration.

■ Deportation is a civil procedure. *Harisiades v. Shaughnessy,* 342 U.S. 580, 594, 96 L. Ed. 586, 72 S. Ct. 512 (1952); *Santelises v. Immigration & Naturalization Serv.,* 491 F.2d 1254, 1255 (2d Cir.), cert. denied, 417 U.S. 968 (1974). Its effects are collateral consequences of the criminal proceeding instituted against Malik. Malik's coun-

sel was appointed by the State to represent him on the criminal charge, not in a civil proceeding. The possibility of deportation, being collateral, was not properly a concern of appointed counsel. Trial counsel's responsibility was to aid Malik in evaluating the evidence against him and in discussing the possible *direct* consequences of a guilty plea. By informing Malik that deportation was a possibility and urging him to seek the advice of an attorney skilled in that field, Malik's trial counsel discharged his responsibilities in a constitutionally sufficient manner. *United States v. Santelises, supra; United States v. Sambro, supra.* The trial court did not err by refusing to allow withdrawal of the plea on this basis. *State v. Cameron, supra.*

Malik's remaining claims of error are without merit. His plea was entered voluntarily and with the requisite understanding of the charges brought against him. *In re Keene,* 95 Wn.2d 203, 622 P.2d 360 (1980). Withdrawal of the plea was not warranted. *State v. Taylor,* 83 Wn.2d 594, 521 P.2d 699 (1974); CrR 4.2(f).

Affirmed.

Swanson and Andersen, JJ., concur.

Reconsideration denied June 12, 1984.

Review denied by Supreme Court November 2, 1984.