**Terry CARSON, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 87–262.

Supreme Court of Wyoming.

June 2, 1988.

Julie D. Naylor, Wyoming Public Defender Program, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., and Paul S. Rehurek, Asst. Atty. Gen., Cheyenne, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

Appellant Terry Carson pled guilty to escape in 1982 and now wishes to withdraw that plea by way of a petition for post-conviction relief. He presents the following issue:

"Whether or not Appellant should be allowed to withdraw his plea of guilty because he was not informed that a consequence of the plea would be his extradition to Canada."

We affirm the trial court's denial of the petition.

Appellant's original criminal conviction in Wyoming came about after he wrote a no-account check in Campbell County, Wyoming, in 1975. He received a suspended sentence for that offense and was placed on probation for one year starting April 30, 1975. Ten days later appellant wrote another no-account check for $995; he was again convicted and received a two to five year prison sentence. After serving one year in the penitentiary appellant was placed in the Wyoming State Honor Farm near Riverton, Wyoming, to finish serving his sentence. On September 6, 1976, he "just walked off" and escaped from that facility. Appellant went to Colorado and then moved on to Texas where he worked on an oil rig and a ranch. He later went to Arkansas in 1978, married his third wife, and changed his name to Terry Wood. Shortly thereafter appellant moved with his wife to Casper, Wyoming, where they had three children.

In March of 1982 appellant traveled to Glenwood Springs, Colorado, where he shot a man twelve times with a small caliber rifle. He was arrested for that act in Colorado, and convicted of attempted second degree murder, first degree assault and aggravated robbery. The Colorado court gave him a sentence of sixteen years imprisonment in that jurisdiction. Appellant's next proceeding took place in Fremont County, Wyoming, in April 1982. In that case he was tried on the charge of escaping from the Honor Farm in violation of § 6–8–305 W.S.1977.

Appellant waived his preliminary hearing on the escape charge and pled guilty. At the arraignment he maintained, as he had since his first criminal conviction in Wyoming, that he was born in Chicago, Illinois, on October 5, 1952. The trial court accepted appellant's plea and sentenced him to one to eight years in the state penitentiary, to be served consecutively to the remainder of the sentence he had been serving when he escaped from the honor farm. Appellant was to serve the remainder of his original Wyoming prison sentence first, then be transported to Colorado to serve his sixteen year sentence, and then be transported back to Wyoming to serve his prison sentence on the escape conviction. On October 31, 1983, the Governor of Wyoming commuted appellant's original sentence for writing no-account checks, and appellant was transported to Colorado to begin serving his Colorado jail sentence.

On January 14, 1986, appellant moved the trial court in Wyoming for a sentence reduction. That motion was denied on April 1, 1986. On January 6, 1987, the Colorado Department of Correction was served with notice of a detainer from the United States Department of Justice, Immigration and Naturalization Service, indicating that appellant's real name was Justine Samual La Blanc, a Canadian national, who was subject to potential deportation. A detainer issued on January 12, 1987. On April 10, 1987, appellant filed a motion in the District Court of Fremont County, Wyoming, to withdraw his plea of guilty. The basis for this motion was that appellant had not been informed of the possibility of deportation at the time of his arraignment, and therefore had been denied a fair opportunity to plead. The state responded on May 7, 1987, with a motion to dismiss appellant's motion to withdraw. The trial court considered appellant's motion as one for post-conviction relief under §§ 7–14–101 through 7–14–108 W.S.1977, and appointed him counsel from the public defender's office in Fremont County, Wyoming. Appellant filed a petition for post-conviction relief and supporting materials on Au-

gust 3, 1987. The state responded on August 12, 1987, and a hearing was set for September 9, 1987. After the hearing, appellant's petition for post-conviction relief was denied and he appeals that denial to this court.

Rule 33(d), Wyoming Rules of Criminal Procedure, provides:

> *"Withdrawal of plea of guilty or nolo contendere.*—A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment or conviction and permit the defendant to withdraw his plea."

Rule 15(c), W.R.Cr.P., states in pertinent part:

> "(c) *Advice to defendant.*—Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands the following:
>
> > "(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law * * *."

See also *Smallwood v. State,* Wyo., 748 P.2d 1141, 1143 (1988).

Appellant argues that under these rules, and pertinent caselaw, whenever deportation from the United States is a potential consequence of a guilty plea [1], a defendant must be made aware of that situation before he enters a plea. He contends that since he was never informed of that possibility before he entered his guilty plea to the escape charges in the proceedings below, a manifest injustice has occurred warranting an order allowing him to withdraw his guilty plea. He supports this theory with federal caselaw describing deportation as a drastic measure, and stating that a defendant should be made aware that a guilty plea could result in deportation before he is allowed to enter a plea. See *United States v. Briscoe,* 432 F.2d 1351,

1353–1354 (D.C.Cir.1970). Appellant also points to dissents in several cases that support his arguments. See, e.g., *United States v. Parrino,* 212 F.2d 919, 922 (2d Cir.1954), Frank, Circuit Judge (dissenting), cert. denied 348 U.S. 840, 75 S.Ct. 46, 99 L.Ed. 663 (1954).

The state counters that a majority of state and federal courts have held that a trial court's Rule 15 disclosure responsibilities do not extend to collateral consequences of a conviction that will result from a guilty plea. See *People v. Pozo,* Colo., 746 P.2d 523, 526 (1987) (citing *Downs-Morgan v. United States,* 765 F.2d 1534 (11th Cir.1985); *Tafoya v. State,* Alaska, 500 P.2d 247 (1972), cert. denied 410 U.S. 945, 93 S.Ct. 1389, 35 L.Ed.2d 611 (1973)). We agree with the state, and hold that a trial court does not have an affirmative responsibility to inform a defendant that a consequence of his guilty plea may be deportation for his plea to be voluntary under Rule 15, W.R.Cr.P.

A trial court's duty to insure that a defendant understands the consequences of a guilty plea before he enters one extends only to *direct* consequences of such a plea. Possible deportation, or extradition to another country, is a speculative and collateral consequence of a guilty plea at best, and is not a part of the information which must be conveyed to a defendant under Rule 15, W.R.Cr.P. *People v. Pozo,* supra. See also *State v. Malik,* 37 Wash.App. 414, 680 P.2d 770, 772 (1984), and cases cited therein.

The collateral nature of a possible deportation is magnified in this case by the fact that, throughout his many brushes with the law in Wyoming, appellant always represented himself to have been born in Chicago, Illinois, on October 5, 1952. There is nothing in the record that could have given the trial court notice that appellant might be an illegal alien when he was arraigned on the escape charge. Further, the trial court held a proper and thorough arraignment concerning the direct consequences of appellant's guilty plea. We will

---

**1.** See 8 U.S.C. § 1251(a)–(b) (1982).

not require our trial courts to consult astrologers or invoke psychic powers to comply with Rule 15, W.R.Cr.P.

Affirmed.