[Nos. 17378-6-II; 17379-4-II.   Division Two.   July 28, 1994.]

THE STATE OF WASHINGTON, *Respondent,* v. ABRAHAM HOLLEY, *Appellant.*

*Stanley P. Wagner,* for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney,* and *James B. Roche, Deputy,* for respondent.

SEINFELD, A.C.J. — Abraham Holley appeals the denial of his motion to withdraw three guilty pleas and set aside the corresponding judgments and sentences. We remand to the Pierce County Superior Court.

FACTS

Abraham Holley is a permanent resident of the United States, but not a citizen. According to Holley, he was born in Ethiopia, orphaned, and then, when he was approximately 4 years old, adopted and brought to the United States. His adoptive parents never completed the steps necessary to make Holley a citizen. He states that he has no family in Ethiopia, and does not speak any of the Ethiopian dialects. Although Holley has served his sentences for the challenged convictions, he appeals in order to avert the potential collateral consequence of deportation.

On October 29, 1992, Holley pleaded guilty to unlawful possession of a machine gun, RCW 9.41.190, unlawful possession of a controlled substance (cocaine), RCW 69.50.401(d), and unlawful use of a building for drug purposes, RCW 69.53.010(1). In conjunction with his pleas, Holley submitted two "Statement[s] of Defendant on Plea of Guilty"; one dealt with the gun charge, the other dealt with the drug charges. Paragraph 17 of the plea forms states:

> I understand that if I am not a citizen of the United States, a plea of guilty to an offense punishable as a crime under state law is grounds for deportation, exclusion from admission to the

United States, or denial of naturalization pursuant to the laws of the United States.

Paragraph 19 of the plea forms provides:

I have read or have had read to me and fully understand all of the numbered sections above (1 through 19) and have received a copy of this "Statement of Defendant on Plea of Guilty" form. I have no further questions to ask of the court.

During Holley's plea hearing, the following colloquy occurred:

[PROSECUTOR]: Your Honor, Cause No. 91-1-04515-3 is the State of Washington v. Abraham Holley. I hand forward to the court an Amended Information, the statement regarding that Information and a copy, along with the Defendant's Statement on Plea to the Amended Information, to the clerk.

[DEFENSE COUNSEL]: Your Honor, we have received a copy of the Amended Information. We'll waive a reading of it. Mr. Holley intends to enter a plea of guilty. I have gone over the Statement of Defendant on Plea of Guilty with Mr. Holley, and I'm satisfied that he understands the contents and the consequences of entering a plea here today and that he will be doing so freely and voluntarily.

THE COURT: Do you agree with that, Mr. Holley?

THE DEFENDANT: Yes, I do.

THE COURT: Is there anything on this form you don't understand?

THE DEFENDANT: No, there's not.

THE COURT: And you know what this proceeding is about today?

THE DEFENDANT: Yes, I do.

THE COURT: Do you know that you are giving up your right to a trial?

THE DEFENDANT: Yeah.

THE COURT: I have accepted the [S]tate's Amended Information charging you with one count of Unlawful Possession of a Controlled Substance, that being cocaine, and one count of Unlawful Use of a Building for Drug Purposes. How do you plead to those charges today, guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: The plea of guilty will be entered to both counts. The court will affirm the Statement of Defendant on Plea of Guilty as being voluntarily made, with full knowledge of his rights.

. . . .

[PROSECUTOR]: In Cause No. 92-1-02897-4, I'm handing forward to the court the Statement of Defendant on Plea of Guilty. The defendant is pleading guilty . . ..

THE COURT: Mr. [defense counsel]?

[DEFENSE COUNSEL]: Your Honor, I can make the same representations to you about having reviewed that with Mr. Holley and him understanding and so forth, and he's prepared to enter a plea.

THE COURT: And would your responses be the same for this one, Mr. Holley?

THE DEFENDANT: Yes, they would.

THE COURT: The charge is Unlawful Possession of a Machine Gun or Machine Gun Parts. How do you plead?

THE DEFENDANT: Guilty.

THE COURT: Plea of guilty will be entered. The court will approve the Statement of Defendant on Plea of Guilty as being voluntarily made, with full knowledge of all his rights.

The trial court then sentenced Holley in accordance with the plea agreement: 12 months imprisonment for the gun charge; 12 months for the building use charge; and 12 months plus 1 day for the drug possession charge, all sentences to run concurrently. On March 24, 1993, the Immigration and Naturalization Service issued an "Order to Show Cause and Notice of Hearing" stating that Holley is a native and citizen of Ethiopia who, on the basis of the convictions for unlawful possession of a machine gun and unlawful possession of a controlled substance, is subject to deportation. The order required that Holley appear for a hearing before an immigration judge to show cause why he should not be deported from the United States.

On July 2, 1993, Holley, represented by new counsel, moved to withdraw his guilty pleas and to have the court set aside the judgments and sentences. Holley asserted that his counsel at the time of the entry of the pleas had not advised him of the potential consequences of conviction for a defendant who is not a citizen of the United States. He further asserted that the trial court, in violation of RCW 10.40.200, had failed to determine that he was properly advised of the deportation consequences of his guilty pleas. Holley supported his motion with his own affidavit and two affidavits from the attorney who represented him in the plea proceedings.[1]

---

[1]Holley submitted his attorney's second affidavit with his motion to reconsider, which the trial court denied.

In his affidavit Holley stated that during their review of the two statements on plea of guilty forms, his attorney: (1) had not told him about the immigration consequences of pleading guilty; and (2) had told him that paragraph 17 did not apply to him. Holley also stated that he had read only those items on the statement forms which he had been told applied to him. Holley declared that "[i]f I had known the serious consequences involved, I would not have plead [sic] guilty to either count at that time."

In the first of his two affidavits, Holley's attorney stated that he had not known that Holley was not an American citizen. Therefore, counsel believed that paragraph 17 did not apply to Holley. Counsel stated that he believed that he had not explained paragraph 17 to Holley because it was counsel's normal practice to explain only those paragraphs he believed applied to a client. Counsel also stated that it was part of his normal practice to tell clients that paragraphs not reviewed did not apply to them.

In his second affidavit Holley's attorney repeated the substance of his first affidavit. However, there were some differences. In describing his normal method of advising a client regarding portions of the plea statement that he believed did not apply to the client, he said: "I go through every paragraph that I believe applies to the defendant without mentioning certain paragraphs that do not apply to him and so on." Counsel also stated decisively that he knew that he had not explained the immigration consequences of the pleas to Holley, explaining that he had not known at the time that there would be any such consequences. Holley's attorney closed with the assertion that "[i]f I had been aware that the guilty pleas would lead to the direct possibility that ABRAHAM HOLLEY would be deported, I would not have recommended that he plead guilty to the charges as he did."

After hearing oral argument, the trial court denied Holley's motion. The court entered its written "Findings and Conclusions on Defense Motion to Withdraw Guilty Plea" on July 27.

On appeal, Holley presents constitutional and statutory theories to support his claim that the trial court erred in denying his motion to withdraw his guilty pleas. His constitutional argument is 2-pronged. He claims a violation of due process in that he did not enter his pleas knowingly and voluntarily. He also claims a violation of his Sixth Amendment right to effective assistance of counsel in entering his pleas. Secondly, he raises a statutory argument, claiming that the trial court failed to act in accordance with RCW 10.40.200.

## DUE PROCESS

■■ "It is a violation of due process to accept a guilty plea without an affirmative showing that the plea was made intelligently and voluntarily." *State v. Barton*, 93 Wn.2d 301, 304, 609 P.2d 1353 (1980) (citing *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969)). Also, due process requires that a guilty plea be made with knowledge of its direct consequences. *In re Peters*, 50 Wn. App. 702, 704, 750 P.2d 643 (1988). However, a defendant "need not be advised of all possible collateral consequences of his plea." *Barton*, at 305. "The distinction between direct and collateral consequences of a plea 'turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment'." *Barton*, at 305 (quoting *Cuthrell v. Director, Patuxent Inst.*, 475 F.2d 1364, 1366 (4th Cir.), *cert. denied*, 414 U.S. 1005 (1973)). The possibility of deportation is a collateral consequence of a guilty plea. *State v. Malik*, 37 Wn. App. 414, 416, 680 P.2d 770, *review denied*, 102 Wn.2d 1023 (1984); *State v. Ward*, 123 Wn.2d 488, 513, 869 P.2d 1062 (1994). Thus, the fact that Holley entered guilty pleas, unaware of the potential deportation consequences of conviction, does not, by itself, establish a due process violation.

## INEFFECTIVE ASSISTANCE OF COUNSEL

On appeal, Holley claims ineffective assistance of counsel, pointing to his attorney's failure to determine his alienage and to warn him of the immigration consequences of convic-

tion. Although he did not raise this claim before the trial court, we will consider it pursuant to RAP 2.5(a)(3), which provides that a party may raise a claim of "manifest error affecting a constitutional right" for the first time in the appellate court.

"The sixth amendment to the United States Constitution guarantees a criminal defendant the right 'to have the assistance of counsel for his defense.' U.S. Const. amend. 6.[2] The right to counsel means the right to the effective assistance of counsel." (Footnote omitted.) *In re Riley*, 122 Wn.2d 772, 779-80, 863 P.2d 554 (1993). The denial of effective assistance of counsel in entering a guilty plea results in a manifest injustice, requiring the grant of permission to withdraw the plea. *State v. Taylor*, 83 Wn.2d 594, 597, 521 P.2d 699 (1974).

In the context of plea bargains, effective assistance of counsel means that defense counsel actually and substantially assist his client in deciding whether to plead guilty. *Malik*, 37 Wn. App. at 416. It is counsel's responsibility to aid the defendant "in evaluating the evidence against him and in discussing the possible *direct* consequences of a guilty plea". *Malik*, at 417.

As we stated above, deportation is a collateral consequence of a criminal conviction. Thus, the trial court is not required to grant a motion to withdraw a guilty plea when a defendant shows that his counsel failed to warn him of the immigration consequences of a conviction. *Malik*, at 417.

Holley argues, however, that RCW 10.40.200[3] imposes on attorneys a duty to apprise their clients of the immigration

---

[2]The right to counsel under Washington State Constitution article 1, section 22 (amendment 10) is the same as that under the Sixth Amendment. *State v. Earls*, 116 Wn.2d 364, 373, 805 P.2d 211 (1991).

[3]RCW 10.40.200 provides in pertinent part:

"(2) Prior to acceptance of a plea of guilty to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall determine that the defendant has been advised of the following potential consequences of conviction for a defendant who is not a citizen of the United States: Deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. A defendant

consequences of guilty pleas. He argues further that failure to satisfy this duty is ineffective assistance of counsel.

Even if we assume that RCW 10.40.200 imposes a duty on attorneys to discuss immigration consequences with their clients, we find no basis to conclude that the statute also creates a constitutional right for a defendant to be so advised. Where there is no constitutional right to advisement, counsel's failure to give that advisement does not cause constitutional harm. Thus, Holley has failed to show that he was deprived of his right to effective assistance of counsel, a constitutionally protected right. U.S. Const. amend. 6.

Holley also suggests that his counsel affirmatively misinformed him about the immigration consequences of his pleas by indicating that paragraph 17 of the plea statement forms was not applicable to him. Relying upon this court's decision in *State v. Stowe*, 71 Wn. App. 182, 858 P.2d 267 (1993), he claims that this constituted ineffective assistance of counsel.

In *Stowe* we stated that provision of erroneous advice about a matter collateral to the conviction can constitute constitutionally deficient performance. However, this case differs from *Stowe*. Heath Stowe was particularly concerned about the consequences of a guilty plea on his military career and so advised his counsel. Stowe's counsel responded by telling Stowe that the plea would not jeopardize his military career. This advice was incorrect. Stowe was immediately and dishonorably discharged from the Army. Here, it appears that Holley and his lawyer never discussed the critical issue — the deportation consequences of his pleas. The

signing a guilty plea statement containing the advisement required by this subsection shall be presumed to have received the required advisement. If, after September 1, 1983, the defendant has not been advised as required by this section and the defendant shows that conviction of the offense to which the defendant pleaded guilty may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States, the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty and enter a plea of not guilty. Absent a written acknowledgement by the defendant of the advisement required by this subsection, the defendant shall be presumed not to have received the required advisement."

affidavits merely suggest that counsel may have told Holley he could skip over paragraph 17. This obviously was faulty advice. However, it differs from the type of affirmative misinformation at issue in *Stowe*. Holley has failed to show that his counsel's comment rose to the level of ineffective assistance of counsel.

## VIOLATION OF STATUTE

In RCW 10.40.200, the Legislature expressed its particular concern regarding the deportation of defendants who enter guilty pleas to criminal offenses while unaware of the potential deportation consequences of those pleas. RCW 10.40.200(1). The Legislature has further declared its intent to be

> to promote fairness to such accused individuals by requiring in such cases that acceptance of a guilty plea be preceded by an appropriate warning of the special consequences for such a defendant which may result from the plea.

RCW 10.40.200(1).

To carry out this intent, the statute requires a court, before accepting a plea of guilty, to "determine that the defendant has been advised of the . . . potential consequences of conviction" related to deportation. RCW 10.40.200(2). The statute provides that "[a] defendant signing a guilty plea statement containing the advisement required by this subsection shall be presumed to have received the required advisement." RCW 10.40.200(2).

It is undisputed that Holley signed guilty pleas containing the required advisement. Thus, the statute mandated the trial court to initially presume that Holley received the required advisement. Holley attempted to rebut the presumption by providing evidence that, due to his attorney's conduct, he was not, in fact, properly advised. The State did not dispute this evidence, but instead argued that it was insufficient to rebut the presumption. The trial court agreed.

On appeal, we are faced with an issue of first impression regarding RCW 10.40.200: what must a defendant show to rebut the statutory presumption? Initially, we note that at

oral argument the State agreed that the presumption at issue is not conclusive. In other words, the court is not *required* to infer that the defendant was advised of the relevant plea consequences upon a showing that he signed a plea agreement containing such an advisement, regardless of contrary evidence. *See State v. Johnson,* 100 Wn.2d 607, 674 P.2d 145 (1983); *State v. Delmarter,* 68 Wn. App. 770, 845 P.2d 1340 (1993).

Although the term "presumption" is used in various ways, *see* 5 Karl B. Tegland, Wash. Prac., *Evidence* § 65, at 178 (3d ed. 1989); *Johnson,* 100 Wn.2d at 615-16, the meaning that best fits the context here is that of a persuasion-shifting device. In other words, upon proof of a basic fact (here, that Holley signed plea statements containing the required advisement), the court must infer a presumed fact (here, that Holley did in fact receive the required advisement) *unless* Holley proves otherwise by some defined quantum of evidence.

The affidavit evidence in the record before this court is insufficient to permit resolution of the issues raised by Holley on appeal. However, Holley's affidavit evidence, when viewed in the light most favorable to Holley, would disprove the presumed fact: that he was advised of the potential deportation consequences associated with his guilty pleas. Thus, he is entitled to a hearing to attempt to persuade the trial court, by a preponderance of the evidence,[4] that he did not receive the statutory warnings and that, further, conviction of the offenses to which he pleaded guilty may have the consequence of deportation. RCW 10.40.200(2).

---

[4]Although we find no cases setting forth a defendant's burden of proof on a CrR 7.8 motion to vacate, generally in an evidentiary hearing on a petition for postconviction relief, the proponent of factual contentions has the burden of establishing those facts by a preponderance of the evidence. *State v. Davis,* 25 Wn. App. 134, 138, 605 P.2d 359 (1980). "At a RAP 16.12 hearing on the merits of a personal restraint petition, the petitioner has the burden of establishing disputed facts by a preponderance of the evidence." *In re Merritt,* 69 Wn. App. 419, 424, 848 P.2d 1332 (1993) (citing *Davis,* at 138). At either a hearing on the merits or a reference hearing "it is implicit that the trial court pass on the credibility of the witnesses". *Davis,* at 137 n.1. "In conducting a merits hearing, it is the province of the trial judge to determine the weight and sufficiency of the evidence and to pass upon the credibility of witnesses." *Merritt,* at 424.

Therefore, we remand this matter to the Pierce County Superior Court for a hearing to determine whether: (1) defense counsel advised Holley not to read paragraph 17 of the Statement of Defendant on Plea of Guilty; (2) Holley, acting on the advice of counsel, in fact did not read paragraph 17; (3) Holley was advised of the possibility of deportation in any other way; and (4) deportation is a collateral consequence of Holley's convictions for possession of a machine gun in violation of RCW 9.41.190, possession of a controlled substance in violation of RCW 69.50.401(d), and use of a building for drug purposes in violation of RCW 69.53.010(1). Following such a hearing, the Superior Court shall enter findings and, based on those findings, shall determine whether to reconsider its order denying Holley's motion to withdraw his guilty pleas.

We remand to the Superior Court for action consistent with this opinion.

ALEXANDER and HOUGHTON, JJ., concur.