IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| STATE OF WASHINGTON, | ) | |
|---|---|---|
| | ) | No. 68438-8-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| STEVEN CURTIS COLLINS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED:  OCT 1 4 2013 |

PER CURIAM.  Steven Collins appeals from the judgment and sentence entered after he pleaded guilty to delivery of methadone.  He contends the plea was not knowingly, intelligently, and voluntarily entered because he was misinformed regarding the applicable statutory maximum and consequences of his plea.  We affirm.

Collins pleaded guilty to one count of delivery of methadone.  At the plea hearing, the court informed him that the applicable maximum sentence was twenty years in prison and a $50,000 fine and that his standard range was twenty months and one day to sixty months.  Collins acknowledged that he understood.  He also acknowledged that the State would recommend twenty months and one day of incarceration and twelve months of community custody.  The court accepted his plea.

At sentencing, Collins requested a drug offender sentencing alternative (DOSA), stating that he wanted the extended period of community custody of the DOSA sentence.  "[T]he reason why I want the DOSA, the longer supervision that I

have out in the community I think is better for me...instead of just 12 months or whatever it is, you know what I'm saying, the longer is better. I feel like I need that and I want that." Verbatim Report of Proceedings (VRP at 19). The trial court gave Collins a prison based DOSA sentence of twenty months of confinement followed by twenty months of community custody.

Collins contends his plea is invalid because he was misadvised of the relevant maximum sentence. Both the plea agreement and the court informed Collins that the statutory maximum was twenty years. Collins contends this was error under Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). According to Collins, the applicable maximum sentence was the maximum he could receive under the plea agreement – i.e., the high end of his standard range or 60 months. This argument is controlled by our decision in State v. Kennar, 135 Wn. App. 68, 74-75, 143 P.3d 326 (2006), rev. denied, 161 Wn.2d 1013, 166 P.3d 1218 (2007). There, we held that "CrR 4.2 requires the trial court to inform a defendant of both the applicable standard sentence range and the maximum sentence for the charged offense as determined by the legislature." Kennar, 135 Wn. App. at 75. Collins was informed of both the standard range and statutory maximum. There was no error.

Collins also alleges that his plea was involuntary because he was never informed that violation of his DOSA could lead to imposition of his remaining sentence. A defendant must be informed of all the direct consequences of his plea,

2

but he need not be advised of all possible collateral consequences of his plea. State v. Ward, 123 Wn.2d 488, 512, 869 P.2d 1062 (1994). "The distinction between direct and collateral consequences of a plea 'turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment'." State v. Barton, 93 Wn.2d 301, 305, 609 P.2d 1353 (1980) (quoting Cuthrell v. Director, 475 F.2d 1364, 1366 (4th Cir.), cert. denied, 414 U.S. 1005, 94 S. Ct. 362, 38 L.Ed.2d 241 (1973)). For example, a habitual criminal proceeding is a collateral consequence of a guilty plea, because "(1) it is not automatically imposed by the court in which the defendant has entered a plea of guilty, and (2) it cannot automatically enhance a defendant's sentence." Ward, 123 Wn.2d at 513.

Similarly, the revocation of a DOSA is not an automatic procedure with a direct impact on Collins' sentence. An offender in violation of a DOSA may be reclassified to serve the remaining balance of the original sentence. RCW 9.94A.662(3). Revocation of a DOSA sentence requires a Department of Corrections proceeding with a preponderance of the evidence standard of proof. In re Pers. Restraint Petition of McKay, 127 Wn. App. 165, 168, 110 P.3d 856 (2005). Therefore, "any effect on punishment flows not from the guilty plea itself but from additional proceedings and thus cannot qualify as immediate." State v. Ross, 129 Wn. 2d 279, 285, 916 P.2d 405 (1996). The possibility of additional incarceration resulting from violation of the DOSA is merely speculative.

3

Collins was properly instructed on the duration of incarceration and community custody. VRP at 19-20, Clerk's Papers (CP) at 31. He clearly understood the direct implications of his DOSA. If Collins was misinformed, that misinformation applies only to a collateral consequence of his DOSA sentence and does not support withdrawal of his plea.

Due process requires that a guilty plea be knowing, voluntary, and intelligent. In re Pers. Restraint of Isadore, 151 Wn.2d 294, 297, 88 P.3d 390 (2004). "A guilty plea is not knowingly made when it is based on misinformation of sentencing consequences." Id. at 298. A defendant must be informed of all direct consequences of his plea. Id. The statutory maximum sentence for a charged crime is a direct consequence. In re Pers. Restraint of Stockwell, 161 Wn. App. 329, 335, 254 P.3d 899 (2011) (citing State v. Weyrich, 163 Wn.2d 554, 557, 182 P.3d 965 (2008)).

*Statement of Additional Grounds*

Collins claims that his counsel was ineffective for failing to inform him about the length and consequences of his DOSA sentence. Statement of Add'l Grounds for Review (SAG) at 1. "A defendant claiming ineffective assistance of counsel must show that counsel's performance was objectively deficient and resulted in prejudice." State v. Emery, 174 Wn.2d 741, 754-55, 278 P.3d 653 (2012) (citing State v. McFarland, 127 Wn. 2d 322, 334-35, 899 P.2d 1251 (1995)). Courts strongly presume that representation was effective. Emery, 174 Wn.2d. at 755.

Trial counsel's responsibility is to assist the defendant in "evaluating the evidence against him and in discussing the possible *direct* consequences of a guilty plea." State v. Malik, 37 Wn. App. 414, 417, 680 P.2d 770 (1984). Failure to advise of collateral consequences does not amount to ineffective assistance of counsel requiring withdrawal of a plea. State v. Holley, 75 Wn. App. 191, 197, 876 P.2d 973 (1994). As noted above, the possible incarceration due to revocation of a DOSA sentence is not a direct consequence of the plea. Any failure to inform Collins about this collateral consequence does not support an ineffective assistance claim.

We affirm the conviction.

For the court:

_Cox, J._

_Leach, C. J._

_Spearman, J._