**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

**FILE**

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
JANUARY 28, 2021

_Susan L. Carlson_
SUSAN L. CARLSON
SUPREME COURT CLERK

IN THE SUPREME COURT OF THE STATE OF WASHINGTON

In the Matter of the Personal Restraint of    )
                                               )
ALEJANDRO GARCIA-MENDOZA,                      )
                                               )    No. 98026-8
                        Petitioner.            )
                                               )
                                               )    Filed: January 28, 2021
_____)

GONZÁLEZ, C.J.— The right to effective assistance of counsel is a

foundational part of the compact between each of us and our state.  *See* WASH.

CONST. art. I, § 22; *State v. A.N.J.*, 168 Wn.2d 91, 96, 225 P.3d 956 (2010); *Gideon

v. Wainwright*, 372 U.S. 335, 337, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963).  Any

person charged with a crime has the constitutional right to competent counsel at

every critical stage of the criminal proceeding and the constitutional right to the

competent advice of that counsel.  *See A.N.J.*, 168 Wn.2d at 97-98.  When the

person charged is not a citizen of our nation, that right includes the right to be

advised, by counsel, of any easily ascertainable immigration consequences that

result from the charge.  *See Padilla v. Kentucky*, 559 U.S. 356, 360, 130 S. Ct.

1473, 176 L. Ed. 2d 284 (2010).  Counsel's failure to advise their clients of the

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

easily ascertainable immigration consequences these clients face falls below the standard imposed by the federal and state constitutions and is deficient. *Id.* at 368. A person prejudiced by that deficient assistance is entitled to relief. *Padilla*, 559 U.S. at 360.

Finality of judgments is also an important (though perhaps not a foundational) principle in our system of ordered liberty. *See In re Pers. Restraint of Cook*, 114 Wn.2d 802, 809, 792 P.2d 506 (1990) (citing *In re Pers. Restraint Hews*, 99 Wn.2d 80, 86, 660 P.2d 263 (1983)). Finality is often in tension with other values we hold dear. The judicial branch strives to ensure that no one is judged by a fundamentally flawed process or restrained by a fundamentally flawed judgment. But challenges to judgments must be timely raised. *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 150, 267 P.3d 324 (2011). Generally, to be timely, the challenge must be raised before the trial court, through an appeal, or in a timely brought collateral attack. *See id.* (citing RCW 10.73.100).

But there is no time bar on some challenges, including challenges premised on a significant, retroactive, and material change in the law since a defendant was convicted, such as challenges based on *Padilla*'s requirement that a defendant be advised of the easily ascertainable immigration consequences of a guilty plea. *In re Pers. Restraint of Yung-Cheng Tsai*, 183 Wn.2d 91, 107-08, 351 P.3d 138

2

*In re Pers. Restraint of Garcia-Mendoza,* No. 98026-8

(2015). In 2007, Alejandro Garcia Mendoza[1] pleaded guilty to unlawful possession of a controlled substance. He moved to withdraw that plea on the grounds his counsel did not give him the advice required by *Padilla*. All agree this motion was exempt from the time bar. Garcia Mendoza also argued he need not show prejudice under a Washington statute, RCW 10.40.200. That statute requires trial judges not to accept guilty pleas without first assuring that the defendant has been advised of the immigration consequences of that plea, and allows defendants who were not so advised to withdraw those pleas. RCW 10.40.200(2).

The Court of Appeals concluded that Garcia Mendoza was raising two claims—a constitutional claim that was exempt from the time bar and a statutory claim that was not. It dismissed his challenge as mixed without reaching the merits. We conclude that Garcia Mendoza has made one claim for relief: ineffective assistance of counsel for failing to advise him of the immigration consequences of his plea. We reject his argument that under RCW 10.40.200 he need not show prejudice to bring this claim at this time. But since Garcia Mendoza has made a prima facie showing of ineffective assistance of counsel in a challenge that is time exempt, we vacate the dismissal of his petition and remand to the Court

---

[1] The petitioner is listed as Garcia-Mendoza on our docket. The hyphen is often used to prevent improper alphabetization using the second part of the surname. In his own declaration, he does not use a hyphen. We follow his spelling of his own name in this opinion.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*In re Pers. Restraint of Garcia-Mendoza,* No. 98026-8

of Appeals with direction to order a reference hearing to determine whether Garcia

Mendoza has established prejudice and is thus entitled to withdraw his plea.

FACTS

Garcia Mendoza was born in Mexico City, Mexico, and was brought to the

United States by his parents when he was about 13 years old. His wife and

daughter are United States citizens. He owns and operates a painting company.

Between the time he was 19 and 22, Garcia Mendoza pleaded guilty to drug

possession three times. The last time was in 2007. The materials submitted

strongly suggest his attorney did not advise him about the immigration

consequences of that plea.[2]

Garcia Mendoza is in deportation proceedings. Because of this 2007

conviction, he is ineligible to apply for relief from deportation.[3] In 2018, he filed a

motion to withdraw his guilty plea in Snohomish County Superior Court on the

---

[2] Garcia Mendoza's defense attorney in his 2007 conviction submitted a declaration stating that at some point she started consulting with the Washington Defender Association's Immigration Project about the potential immigration consequences of criminal proceedings for her clients, but she has no record of doing so in this case. Her declaration strongly suggests she did nothing more than read Garcia Mendoza the boilerplate immigration warning contained in the form guilty plea statement. Garcia Mendoza has signed a declaration under oath that he would not have pleaded guilty had he understood that the conviction would prevent him from becoming a lawful permanent resident or that it would prevent him from applying for cancellation of removal.

[3] The State argues, but does not establish, that Garcia Mendoza may also be subject to deportation because of his other convictions for unlawful possession. It appears he is seeking relief from those other convictions in separate actions. The record does not reveal the status of those attempts.

4

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*In re Pers. Restraint of Garcia-Mendoza,* No. 98026-8

grounds his plea was not knowing and voluntary because his counsel did not advise him of the specific immigration consequences he faced. He argued, correctly, that he was exempt from the one year time bar because *Padilla* was a significant change in the law that applies retroactively. He also argued he was prejudiced because he would not have pleaded guilty had he been specifically advised of the immigration consequences of his plea.

The State successfully moved to transfer Garcia Mendoza's motion to the Court of Appeals as a personal restraint petition. The State conceded that the petition was not time barred under *Tsai*, 183 Wn.2d 91, and *Padilla*, 559 U.S. 356. The State argued, however, that Garcia Mendoza had not established that his counsel was ineffective, that his plea was the result of deficient performance by his counsel, or that he was prejudiced.

In response to the State's motion, Garcia Mendoza argued for the first time that he was not required to show prejudice under RCW 10.40.200, which says in relevant part:

> If, after September 1, 1983, the defendant has not been advised as required by this section and the defendant shows that conviction of the offense to which the defendant pleaded guilty may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States, the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty and enter a plea of not guilty.

5

*In re Pers. Restraint of Garcia-Mendoza,* No. 98026-8

RCW 10.40.200(2). He also argued that his claim for relief under RCW 10.40.200 was not time barred because he could not have brought his statutory claim prior to *Tsai*.

The Court of Appeals concluded Garcia Mendoza was raising a new claim for relief in his reply by arguing that he did not need to show prejudice under RCW 10.40.200, found that the claim was time-barred, and dismissed his petition as mixed. *In re Pers. Restraint of Garcia-Mendoza*, No. 79621-6-I, slip op. at 1 (Wash. Ct. App. Dec. 2, 2019) (unpublished), http://www.courts.wa.gov/opinions/pdf/796216.pdf. Our deputy commissioner denied review and Garcia Mendoza successfully moved to modify that ruling. The Washington Association of Criminal Defense Lawyers, the American Civil Liberties Union of Washington, the Washington Defender Association and the Northwest Immigrant Rights Project have submitted an amici brief urging relief.

ANALYSIS

The United States Supreme Court has recognized that "'[p]reserving the client's right to remain in the United States may be more important to the client than any potential jail sentence.'" *Padilla*, 559 U.S. at 368 (alteration in original) (internal quotation marks omitted) (quoting *Immigration & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 322, 121 S. Ct. 2271, 150 L. Ed. 2d 347 (2001)). "Before deciding whether to plead guilty, a defendant is entitled to 'the effective assistance

6

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

of competent counsel.'" *Id.* at 364 (quoting *McMann v. Richardson*, 397 U.S. 759, 771, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970)). In *Padilla* the court held that effective assistance of counsel includes advice on the specific immigration consequences of a plea, at least when those consequences could be determined "simply from reading the text of the statute." *Padilla*, 559 U.S. at 368. When "an attorney unreasonably fails to research or apply relevant statutes without any tactical purpose, that attorney's performance is constitutionally deficient." *Tsai*, 183 Wn.2d at 102 (citing *State v. Kyllo*, 166 Wn.2d 856, 865-69, 215 P.3d 177 (2009)).

Under the general rule for withdrawing a guilty plea on the basis of ineffective assistance of counsel, Garcia Mendoza "bears the burden of showing (1) that his counsel's performance fell below an objective standard of reasonableness and, if so, (2) that counsel's poor work prejudiced him." *A.N.J.*, 168 Wn.2d at 109 (citing *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995)). To establish prejudice, a "'defendant challenging a guilty plea must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *State v. Sandoval*, 171 Wn.2d 163, 174-75, 249 P.3d 1015 (2011) (quoting *In re Pers. Restraint of Riley*, 122 Wn.2d 772, 780-81, 863 P.2d 554 (1993)). Because Garcia Mendoza brings his claim more than a year after his judgment and sentence

*In re Pers. Restraint of Garcia-Mendoza,* No. 98026-8

became final, he must also, as a threshold matter, show his challenge is not time barred. RCW 10.73.090-.100.

Prior to *Padilla*, Washington courts had held that the failure to advise a defendant about the immigration consequences of a plea was not defective assistance of counsel because immigration consequences were collateral, not direct, and defendants had no constitutional right to be advised of the collateral consequences of their pleas. *See, e.g.*, *State v. Jamison*, 105 Wn. App. 572, 592, 20 P.3d 1010 (2001), *State v. Martinez-Lazo*, 100 Wn. App. 869, 876, 999 P.2d 1275 (2000) (quoting *In re Pers. Restraint of Yim*, 139 Wn.2d 581, 588, 989 P.2d 512 (1999)), *State v. Holley*, 75 Wn. App. 191, 198, 876 P.2d 973 (1994), and *In re Pers. Restraint of Peters*, 50 Wn. App. 702, 704, 750 P.2d 643 (1988), *all abrogated by Tsai*, 183 Wn.2d at 106-07.[4] *Padilla* rejected the distinction between direct and collateral consequences that these cases and our courts' prior interpretation of RCW 10.40.200 had been built on. 559 U.S. at 359-66. In *Tsai*, we revisited that line of cases, compared them to *Padilla*, and concluded *Padilla* was a significant change in the law that applied retroactively when material. 183 Wn.2d at 103.

---

[4] Washington courts did, however, allow a defendant to withdraw a guilty plea if they had been affirmatively misinformed about the consequences of that plea. *Sandoval*, 171 Wn.2d at 174; *Yim*, 139 Wn.2d at 588. That is not at issue in this case, at least based on the limited record before us.

*In re Pers. Restraint of Garcia-Mendoza,* No. 98026-8

*Tsai* brought our jurisprudence, including our interpretation of RCW 10.40.200, in line with *Padilla* by recognizing that "RCW 10.40.200's plain language gives noncitizen defendants the unequivocal right to advice regarding immigration consequences and necessarily imposes a correlative duty on defense counsel to ensure that advice is provided." 183 Wn.2d at 101 (citing *State v. Butler*, 17 Wn. App. 666, 675, 564 P.2d 828 (1977)). Properly understood, the statute imposes an affirmative duty on defense counsel to give effective advice, essentially codifying the constitutional requirement recognized in *Padilla*.[5]

With this history in mind, we conclude that Garcia Mendoza is raising a single claim for relief that is exempt from the time bar—ineffective assistance of counsel for failing to advise him of the easily ascertainable immigration consequences of his plea. This claim is exempt from the time bar under *Padilla* and *Tsai*. *Tsai*'s interpretation of RCW 10.40.200 is relevant insofar as it overrules a line of cases that would otherwise be fatal to Garcia Mendoza's claim. But while the statute informs his claim, it does not form the basis of a second claim. Accordingly, the Court of Appeals erred in dismissing his petition as mixed.

---

[5] For this reason, we reject the State's argument that RCW 10.40.200 does not impose a duty on defense counsel. "RCW 10.40.200's plain language gives noncitizen defendants the unequivocal right to advice regarding immigration consequences *and necessarily imposes a correlative duty on defense counsel to ensure that advice is provided*." *Tsai*, 183 Wn.2d at 101 (emphasis added) (citing *Butler*, 17 Wn. App. at 675).

9

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

But we are not persuaded that the legislature intended to relieve a petitioner seeking to withdraw a guilty plea more than a year after it was made from the other common law and statutory requirements that protect society's interest in the finality of judgments. *See Cook*, 114 Wn.2d at 809 (citing *Hews*, 99 Wn.2d at 86). In order to avoid the time bar under RCW 10.73.100(6), Garcia Mendoza must show a significant change in the law that is both retroactive and material to his case.

*Tsai* held that *Padilla* was both significant and retroactive. *Tsai*, 183 Wn.2d at 103. Thus, the only question before us is whether the change was material to Garcia Mendoza's case. This turns on whether Garcia Mendoza can show a "'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *In Pers. Restraint of Crace*, 174 Wn.2d 835, 840, 280 P.3d 1102 (2012) (quoting *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

Garcia Mendoza has submitted sufficient evidence to make a prima facie case that he was not informed of the immigration consequences of his plea as required by *Padilla*, *Tsai*, and RCW 10.40.200. He has also submitted considerable evidence that had he been properly informed, he would not have pleaded guilty. Unrebutted, this is sufficient to show ineffective assistance of

*In re Pers. Restraint of Garcia-Mendoza,* No. 98026-8

counsel. *See Tsai*, 183 Wn.2d at 107 (where defendant alleged his attorney did not advise him of the possible immigration consequences, our court opined that the "allegations, if true, would establish that the [defendant] did not receive effective assistance of counsel in deciding whether to plead guilty"). This evidence, however, has not been tested. Accordingly, we remand this case to the Court of Appeals to order a reference hearing in which Garcia Mendoza will have the opportunity to present his evidence and the State will have the opportunity to challenge it.

## CONCLUSION

*Padilla* held that it was deficient performance of counsel to fail to advise a client on the easily ascertainable consequences of a plea. *Tsai* held *Padilla* was a significant change in the law that applied retroactively when material and rejected the long-standing interpretation of RCW 10.40.200 that it did not require more of counsel than reading a boilerplate warning and avoiding actively misleading the client. Garcia Mendoza's personal restraint petition raises a claim that is not time barred under these cases. Accordingly, we reverse the Court of Appeals dismissal of his petition and remand for further proceedings consistent with this opinion.

*In re Pers. Restraint of Garcia-Mendoza*, No. 98026-8

González, C.J.

WE CONCUR:

Johnson, J.

Gordon McCloud, J.

Madsen, J.

Yu, J.

Owens, J.

Montoya-Lewis, J.

Stephens, J.

Whitener, J.