THE STATE OF OHIO, APPELLEE, *v.* ARVANITIS, APPELLANT.

(No. 4006—Decided November 5, 1986.)

*Gregory A. White,* prosecuting attorney, for appellee.

*Margaret W. Wong,* for appellant.

*Russell A. Ezolt,* district counsel, urging affirmance for *amicus curiae* Immigration and Naturalization Service.

*Joseph G. Schneider,* urging reversal for *amicus curiae, Cuyahoga County Bar Association.*

*Gordon J. Beggs,* urging reversal for *amicus curiae, American Civil Liberties Union of Cleveland Foundation, Inc.*

QUILLIN, J. Defendant-appellant, George Arvanitis, appeals the denial of his second petition for post-conviction relief. The trial court rejected defendant's claim that his counsel's failure to warn him of the deportation consequences of his guilty plea constituted ineffective assistance of counsel. For the reasons discussed below, we affirm.

Defendant is a Greek national who immigrated to the United States in 1955. In 1974, he was indicted on a charge that he unlawfully sold a narcotic drug in violation of former R.C. 3719.20(B), which was repealed in 1976. Defendant pleaded not guilty. With the benefit of counsel, defendant withdrew his plea of not guilty and entered a plea of guilty to the lesser offense of possession of narcotics in violation of former R.C. 3719.09 (see 133 Ohio Laws, Part III, 2729, 2733). Defendant was sentenced to prison and served one year of his sentence.

After defendant was released on parole, the Immigration and Naturalization Service ("INS") conducted deportation hearings. Defendant was again represented by counsel. Defendant's counsel for the deportation proceedings was not the same attorney who represented him at his criminal trial. Defendant's new counsel did not challenge his criminal conviction, or the charge of deportability. Now, more than nine years after he was deported, defendant seeks to withdraw his guilty plea.

Assignment of Error I

"The trial court erred by failing to include material facts in its findings."

Pursuant to Civ. R. 56, the trial court may consider pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence and written stipulations of fact in reaching a conclusion on a mo-

tion for summary judgment. Both the defendant and the state filed motions for summary judgment under R.C. 2953.21(D). The judge considered all of the evidence presented on the motions including pleadings, affidavits, a transcript of the hearing on defendant's motion for post-conviction relief, and briefs. The trial court need not include all of these documents in its findings of fact and conclusions of law.

Moreover, defendant has not shown any prejudice to him as a result of the trial court's failure to include all of the facts about which he complains.

Defendant's first assignment of error is overruled.

### Assignments of Error II and III

"II. The trial court erred in failing to grant appellant's motion for summary judgment based upon ineffective assistance of counsel.

"III. The trial court committed error in granting appellee's motion for summary judgment when manifest injustice and valid grounds for vacating the pleas were established."

The issue presented in these assignments of error is whether counsel's failure to inform an alien defendant of the possibility of deportation renders counsel's assistance ineffective. This is a case of first impression in Ohio. As a guide in our determination, we shall first look to the federal courts and then to other state courts.

One of the first federal decisions on this issue held that surprise which results from defendant's reliance on his own counsel's erroneous advice that a plea of guilty would not subject defendant to deportation, in the absence of a clear showing of unprofessional conduct, is not such manifest injustice as to require vacation of the judgment and permission to withdraw the plea of guilty. *United States* v. *Parrino* (C.A. 2, 1954), 212 F. 2d 919, 921, certiorari denied (1954), 348 U.S. 840. The court reasoned that the claimed surprise related not to the severity of the sentence, but to a collateral consequence thereof. In that case, counsel, a former Commissioner of Immigration (*id.* [Frank, J., dissenting,] at 923), affirmatively misled Parrino by advising him that a plea of guilty would not subject him to deportation. Judge Frank dissented from the majority's finding of no ineffective assistance of counsel, concluding that counsel's performance was grossly inadequate. Although *United States* v. *Parrino* has not been overruled, more recent federal decisions do not espouse such a strict standard for finding ineffective assistance of counsel, but, instead, hold that mere failure to advise of deportation consequences, without any affirmative misrepresentation, does not state a claim for ineffective assistance of counsel. See, *i.e., United States* v. *Santelises* (C.A. 2, 1975), 509 F. 2d 703, 704; *United States* v. *Campbell* (C.A. 11, 1985), 778 F. 2d 764, 768-769 (counsel's affirmative misrepresentation may constitute ineffective assistance of counsel).

While the federal courts hold that a defendant's misunderstanding or lack of knowledge of deportation consequences, without more, is insufficient to require the allowance of a post-sentence withdrawal of a guilty plea, the courts do not approve of representation resulting in a failure to inform alien defendants of deportation prospects. *United States* v. *Gavilan* (C.A. 5, 1985), 761 F. 2d 226, 229 ("* * * This conclusion is not to be considered an approval of counsel's conduct. Deportation is a severe, albeit indirect, consequence of conviction.* * * Our affirmance of the district court's dismissal neither condones nor approves counsel's omissions." [Footnotes omitted.]); *United States* v. *Russell* (C.A.D.C. 1982), 686 F. 2d 35, 41

("* * * It is extremely troublesome that deportation has never been considered a direct consequence of guilty pleas of the sort that must be brought to the defendant's attention before his pleas may be considered voluntary under Rule 11.* * *"); *United States* v. *Campbell, supra,* at 769 ("* * * It is highly desirable that both state and federal counsel develop the practice of advising defendants of the collateral consequences of pleading guilty * * *.").

State courts are nevertheless free to impose higher standards than those required under federal laws, and state rules vary concerning whether this type of error represents ineffective assistance of counsel. *United States* v. *Campbell, supra,* at 769; cf. *United States* v. *Gavilan, supra,* at 228. The two state cases cited most often in support of a claim for ineffective assistance of counsel under these circumstances are *Commonwealth* v. *Wellington* (1982), 305 Pa. Super. 24, 451 A. 2d 223, and *Edwards* v. *State* (Fla. App. 1981), 393 So. 2d 597.

In *Commonwealth* v. *Wellington, supra,* the Pennsylvania Superior Court held that counsel has a duty to an alien client to inquire into, and advise her of, the possible deportation consequences of a contemplated plea. Because counsel's failure to undertake such actions could have no reasonable basis designed to effectuate the defendant's interests, counsel was held to be ineffective and the defendant was permitted to withdraw her guilty plea. *Id.* at 28, 451 A. 2d at 225.

In *Edwards* v. *State, supra,* the Third District Court of Appeals of Florida held that counsel's failure to advise the defendant of possible deportation consequences may render the plea involuntary. The test in Florida for ineffective assistance of counsel is whether counsel was reasonably likely to render and did render reasonably effective counsel based on the totality of the circumstances, *Meeks* v. *State* (Fla. 1980), 382 So. 2d 673, 675. *Edwards, supra,* at 600. The court in *Edwards* held that the defendant must establish that he was not advised by his counsel and was otherwise unaware of the consequences of deportation; that had he known of this consequence, he would not have entered the plea of guilty; and that such a consequence will actually flow from the conviction. *Edwards, supra,* at 600.

The First District Court of Appeals of Florida declined to follow *Edwards* and decided as a matter of law that counsel's failure to advise a resident alien that he would face deportation if he pleaded guilty did not deprive the defendant of effective assistance of counsel. *Hahn* v. *State* (Fla. App. 1982), 421 So. 2d 710. The court distinguished *Edwards* by stating: "* * * In the northern part of this State, counsel would not reasonably expect his client to be an alien. This possibly distinguishes *Edwards, supra,* which dealt with an attorney in Miami." *Hahn, supra.*

In addition to Pennsylvania and part of Florida, Colorado and Oregon also hold that counsel has a duty to advise an alien defendant of the deportation consequences of a guilty plea, and that failure to advise the defendant of such consequences may render counsel's assistance ineffective. *People* v. *Pozo* (Colo. App. 1985), 712 P. 2d 1044; *Lyons* v. *Pearce* (1984), 66 Ore. App. 777, 676 P. 2d 905, affirmed in part and remanded in part (1985), 298 Ore. 554, 394 P. 2d 969.

While recognizing that deportation is a significant collateral consequence of which an alien defendant should be advised by his counsel prior to entry of his plea, the Illinois Supreme Court has distinguished and refused to consider the merely passive conduct of counsel in failing to discuss with a

defendant the collateral consequences of a guilty plea. *People* v. *Correa* (1985), 108 Ill. 2d 541, 485 N.E. 2d 307. In *People* v. *Correa,* counsel made erroneous, misleading representations to defendant in response to defendant's specific inquiry. This, the court determined, was ineffective assistance of counsel.

The Supreme Court of Alaska has recognized that defense counsel has the burden of informing the defendant of collateral consequences. *Tafoya* v. *State* (Alaska 1972), 500 P. 2d 247, 251, certiorari denied (1973), 410 U.S. 945. However, the court held that failure of counsel to inform of the possibility of deportation does not constitute denial of the right to effective assistance of counsel. *Id.* at 252.

Several other state courts have found no ineffective assistance of counsel under the facts of those respective cases. In *Daley* v. *State* (1985), 61 Md. App. 486, 487 A. 2d 320, the Court of Special Appeals of Maryland found no ineffective assistance of counsel in view of the absence of the factual predicate necessary — that counsel knew or should have known that the defendant was an alien — and in view of defendant's admission that he knew he had to obey all laws if he were to remain in the country. *Id.* at 490, 487 A. 2d at 322-323.

In *State* v. *Lopez* (Minn. App. 1986), 379 N.W. 2d 633, the Court of Appeals of Minnesota looked to the District of Columbia Circuit Court of Appeals' decision in *United States* v. *Russell, supra,* which outlined three factors for trial courts to consider when deciding whether to permit withdrawal of a guilty plea in cases involving immigration consequences:

" 'The first is the strength of the defendant's reason for withdrawing the plea, including whether the defendant asserts his innocence of the charge. * * * The second is the possible

existence of prejudice to the government's case as a result of the defendant's untimely request to stand trial. * * * Finally, the trial court must consider whether the defendant's misunderstanding of the collateral consequences of the plea is the result of misleading statements by governmental authorities or the defendant's own ignorance.' " (Emphasis deleted.) *State* v. *Lopez, supra,* at 637 (citing *United States* v. *Russell, supra,* at 39).

In denying the defendant's motion to withdraw his guilty plea, the *Lopez* court noted that the defendant made no assertion of innocence at the postconviction hearing and, unlike the case in *United States* v. *Russell, supra,* defendant claimed that defense counsel, rather than governmental authority, failed to inform him of deportation consequences. *Lopez, supra,* at 637. Without illustration the court added: "None of the well-founded concerns in other jurisdictions appl[ies] to the present case." *Lopez, supra,* at 638.

The Court of Appeals of Washington also has found no ineffective assistance of counsel where the attorney informed defendant that deportation was a possibility and urged him to seek the advise of an attorney skilled in that field. *State* v. *Malik* (1984), 37 Wash. App. 414, 680 P. 2d 770. The court went on, however, to state that:

"Deportation is a civil procedure. * * * Its effects are collateral consequences of the criminal proceeding instituted against Malik. Malik's counsel was appointed by the State to represent him on the criminal charge, not in a civil proceeding. The possibility of deportation, being collateral, was not properly a concern of appointed counsel. Trial counsel's responsibility was to aid Malik in evaluating the evidence against him and in discussing the possible direct consequences of a guilty plea. * * *" (Emphasis deleted.) *Id.* at 416-417, 680 P. 2d at 772.

In *Strickland* v. *Washington* (1984), 466 U.S. 668, the United States Supreme Court adopted a two-part standard for evaluating claims of ineffective assistance of counsel. First, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-688. Second, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. Although *Strickland* v. *Washington* dealt with a claim of ineffective assistance of counsel in a capital sentencing proceeding, the same two-part standard applies to ineffective assistance claims arising out of guilty pleas. *Hill* v. *Lockhart* (1985), 474 U.S. 52, 58.

The concepts of effective assistance of counsel in advising a defendant who pleads guilty and the voluntary and intelligent character of that guilty plea are inextricably linked in cases such as this. The Supreme Court explained in *Hill* v. *Lockhart, supra,* at 56-57:

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' * * * Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' * * * [A] defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [v. *Richardson* (1970), 397 U.S. 759].' * * *''

The federal courts have consistently held that actual knowledge of the collateral consequences of a guilty plea is not a prerequisite to the entry of a knowing and intelligent plea; and, therefore, the defendant's ignorance of the possibility of deportation does not render a guilty plea involuntary. *United States* v. *Campbell, supra,* at 768; *United States* v. *Gavilan, supra,* at 228; *United States* v. *Santelises, supra,* at 704.

In *Edwards* v. *State, supra,* the Third District Court of Appeals of Florida held that counsel's failure to advise a defendant of possible deportation consequences may render a guilty plea involuntary. *Id.* at 599. The Superior Court of Pennsylvania held similarly in *Commonwealth* v. *Wellington, supra,* at 27, 451 A. 2d at 224, as did the Supreme Court of Oregon in *Lyons* v. *Pearce, supra* (298 Ore.), at 562, 694 P. 2d at 975. Courts in Alaska and Washington have held that the defendant's ignorance of deportation consequences does not render the plea involuntary. *Tafoya* v. *State, supra,* at 251; *State* v. *Malik, supra,* at 417, 680 P. 2d at 772.[1]

In *People* v. *Correa, supra,* although the Illinois Supreme Court recognized the interrelationship of the concepts of ineffective assistance of counsel in entering a guilty plea and the voluntariness of that plea, the court distinguished the case under consideration from the situation where the

---

[1] Wash. Rev. Code Ann. Section 10.40.200 (Supp. 1986) was enacted in 1983 and applies to pleas accepted after September 1, 1983. It now requires the trial court to determine that a defendant who pleads guilty be advised of the possible deportation consequences. Similar statutes have been enacted in California, Massachusetts, Oregon and Connecticut.

passive conduct of counsel resulted in a failure to discuss the collateral consequences of a guilty plea with a defendant. *People* v. *Correa, supra* (108 Ill. 2d), at 550, 485 N.E. 2d at 310-311. The appellate court decision in *People* v. *Correa* aptly regarded the relationship between the two concepts:

"Generally, ineffective assistance of counsel will be found where the defendant's attorney was actually incompetent and this incompetence caused the defendant substantial prejudice without which the outcome would have been different. * * * [I]n the context of an attorney's representation of a defendant during the entry of a guilty plea, the substantial prejudice which must be shown is essentially whether the defendant's plea was involuntary. The defendant's plea must have been made in reasonable reliance upon the attorney's incompetence and it is this reliance which must have caused the plea to be involuntary. * * *" *People* v. *Correa* (1984), 124 Ill. App. 3d 668, 673, 465 N.E. 2d 507, 511, affirmed (1985), 108 Ill. 2d 541, 485 N.E. 2d 307.

As noted before, the issue of whether counsel's failure to advise an alien defendant of the deportation consequences following a guilty plea constitutes ineffective assistance of counsel is an issue of first impression in Ohio. Therefore, we will apply the general test of ineffective assistance of counsel in Ohio to the facts of this case in light of the various considerations enunciated by the federal courts and other state courts.

Initially, the Ohio Supreme Court has held "the test to be whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." *State* v. *Hester* (1976), 45 Ohio St. 2d 71, 79, 74 O.O. 2d 156, 160-161, 341 N.E. 2d 304, 310. In *State* v. *Lytle* (1976), 48 Ohio St. 2d 391, 396-397, 2 O.O. 3d 495, 498, 358

N.E. 2d 623, 627, vacated as to the death penalty (1978), 438 U.S. 910, the court stated:

"When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness."

Based on the facts of this case, we are not disposed to announce a hard and fast rule as to whether counsel's failure to inform an alien defendant of deportation consequences of a guilty plea is "a substantial violation of any of defense counsel's essential duties to his client" so as to render counsel's assistance ineffective under *State* v. *Lytle, supra,* and *Strickland* v. *Washington, supra.* Instead, we hold that the incompetence alleged here, if indeed it was incompetence, did not cause defendant substantial prejudice. Put another way, defendant's plea was not influenced by counsel's failure to inform him of deportation consequences; and without this influence, defendant's plea was not involuntary.

At the time defendant entered his guilty plea, he had lived in the United States for twenty-one years. Defendant was represented by counsel at the time he entered his guilty plea. Defendant did not appeal his conviction. The INS conducted hearings shortly after defendant was released. Defendant was represented by new counsel at these hearings. At the deportation hearing defendant did not challenge his criminal conviction or the charge of deportability, nor did defendant claim that his former counsel had been ineffective. It was not until more than nine

years after he had been deported that defendant claimed that he did not know he would be deported and that his counsel was ineffective in not advising him so.

Upon a motion to withdraw a guilty plea pursuant to Crim. R. 32.1, an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion. *State* v. *Smith* (1977), 49 Ohio St. 2d 261, 3 O.O. 3d 402, 361 N.E. 2d 1324, paragraph three of the syllabus. The nine-year delay following defendant's deportation discredits his assertion that he would not have pleaded guilty if he had known the deportation consequence. Defendant does not allege, and his actions do not demonstrate, that remaining in the United States was an important part of his plea decision.

As the trial court noted, the burden to establish inadequate assistance of counsel is upon the applicant. Defendant has not met that prima facie burden. Defendant has not shown that his plea was made in reasonable reliance upon an ignorance of the fact that he would be deported; that is, he can show no proximate cause between counsel's failure to advise him of deportation consequences and his entry of a guilty plea. Here, counsel's omission did not cause defendant substantial prejudice. The assignments of error are overruled. The trial court properly denied defendant's petition.

### Assignment of Error IV

"The trial court erred in allowing the brief and oral argument of the Immigration and Naturalization Service to enter into its proceedings and decision-making process."

The INS filed an *amicus curiae* brief and also made some statements to the court. Defendant objected to both of these procedures. The trial court took the issue under consideration and in effect overruled the objections and denied defendant's motion to strike in the judgment entry denying defendant's motion to withdraw his plea.

There is no indication whatsoever in the trial court's judgment entry that the court considered any statement by the INS. The trial court's judgment is based on the facts of this case and the applicable law. Defendant can demonstrate no error prejudicial to him. The assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and CASTLE, J., concur.

CASTLE, J., retired, of the Twelfth Appellate District, sitting by assignment.