**CLEVELAND, Appellee,**

v.

**ENGLISH, Appellant.**

[Cite as *Cleveland v. English,* 175 Ohio App.3d 458, 2008-Ohio-321.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 89506.

Decided Jan. 31, 2008.

Victor R. Perez, Chief City Prosecutor, and Angela Rodriguez, Assistant City Prosecutor, for appellee.

John P. Parker, for appellant; and Timothy English, pro se.

---

ANN DYKE, Judge.

{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1.

{¶ 2} Defendant-appellant, Timothy English, appeals from the judgment of the trial court that, after a jury trial, found him guilty of telecommunications harassment and menacing. For the reasons set forth below, we reverse and remand for a new trial.

{¶ 3} On February 20, 2005, the city also filed a complaint against appellant for criminal trespass, in violation of Cleveland Codified Ordinance 623.04(A)(1) in Cleveland Municipal Court case No. 04572. Appellant pleaded not guilty in both

cases and was appointed counsel by the trial court. On May 31, 2005, the city of Cleveland filed complaints in Cleveland Municipal Court case No. 15999 against appellant for telecommunications harassment, in violation of R.C. 2917.21(B), and menacing, in violation of Cleveland Codified Ordinance 621.07.

{¶ 4} On January 5, 2007, the court dismissed case No. 04572 for want of prosecution. On that same day, after several pretrials, psychiatric evaluations, trial dates, and three different defense attorneys, case No. 15999 proceeded to a jury trial. Prior to trial, appellant attempted to discharge his counsel, Mr. Lewis. The trial court responded by noting his numerous attempts to delay proceedings and then engaged in a colloquy with appellant regarding representation of counsel during the trial. In conclusion, the trial court ordered appellant to represent himself and directed Lewis to act as shadow counsel.

{¶ 5} At trial, appellant performed voir dire, presented the opening statement, and cross-examined the state's witness, while Lewis performed the direct examination of appellant and his witness and gave the closing argument. Thereafter, the jury found appellant guilty of both charges.

{¶ 6} On November 7, 2006, the trial court sentenced appellant to a $1,000 fine and 180 days in jail for the harassment conviction and a $250 fine and 30 days in jail for the menacing conviction. Appellant was given 21 days of credit for time served, and the remaining jail sentences were suspended as was all but $100 on each of the fines. Finally, appellant was sentenced to two years' probation and anger-management classes.

{¶ 7} Appellant now appeals and submits one assignment of error for our review. Appellant's sole assignment of error states:

{¶ 8} "The trial court's denial of counsel was structural error in violation of the Sixth and Fourteenth Amendments of the federal Constitution and Article I, Section 10 of the Ohio Constitution."

{¶ 9} Within this assignment of error, appellant asserts that the trial court deprived him of his constitutional right to assistance of counsel when it ordered him to represent himself in a jury trial. We agree.

{¶ 10} Pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, a criminal defendant has the right to assistance of counsel for his defense. While a defendant has a right to counsel, a defendant may waive his right to counsel when the waiver is voluntary, knowing, and intelligent. *State v. Jackson* (2001), 145 Ohio App.3d 223, 227, 762 N.E.2d 438.

{¶ 11} A valid waiver of the right to counsel occurs when the trial court makes a sufficient inquiry to determine whether the defendant fully understands

and intelligently forgoes the right to counsel. *State v. Gibson* (1976), 45 Ohio St.2d 366, 74 O.O.2d 525, 345 N.E.2d 399, paragraph two of the syllabus; *State v. Martin*, Cuyahoga App. No. 80198, 2003-Ohio-1499, 2003 WL 1561530, affirmed, *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227. Prior to accepting a waiver, the trial court must ensure that the defendant is aware that he will represent himself and that the defendant is knowingly, intelligently, and voluntarily waiving his right to counsel. Id. More specifically, the trial court must inform the defendant of the nature of the charges against him, the range of allowable punishment, the possible defenses, any mitigating circumstances, and the dangers of self-representation. *Gibson*, supra, at 377, 74 O.O.2d 525, 345 N.E.2d 399, quoting *Von Moltke v. Gillies* (1948), 332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed. 309.

{¶ 12} There is a strong presumption against waiver of the fundamental constitutional right of counsel. *State v. Richards* (Sept. 20, 2001), Cuyahoga App. No. 78457, 2001 WL 1134880. Accordingly, a court cannot avoid its responsibility to give the defendant the information mentioned above by merely appointing standby counsel. Id. Furthermore, "[s]ince the right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its denial is not amenable to 'harmless error' analysis. The right is either respected or denied; its deprivation cannot be harmless." *McKaskle v. Wiggins* (1984), 465 U.S. 168, 177, 104 S.Ct. 944, 79 L.Ed.2d 122, n. 8.

{¶ 13} We apply the foregoing analysis to the instant case and find that appellant never voluntarily waived his constitutional right to be represented by counsel. On the contrary, the record demonstrates that appellant repeatedly refused to relinquish this right. The following are the discussions between the court and appellant regarding waiver of counsel and self-representation.

THE COURT: We are going forward today. If you decide that you are waiving your right to counsel, then I will have—I will appoint Mr. Lewis as your shadow counsel but we are going forward. I have to go over with you some of the things that you give up by indicating that you want to represent yourself.

THE DEFENDANT: *I didn't say I want to represent myself.*

THE COURT: You are. You are not going to be given an opportunity to go get another lawyer.

THE DEFENDANT: He is not ready to represent me.

THE COURT: I asked Mr. Lewis is he prepared to go forward.

THE DEFENDANT: If he didn't do the things that I asked, to have—

\* \* \*

THE DEFENDANT: I don't have an attorney present right now.

THE COURT: If you are not going to have Mr. Lewis then you are representing yourself. Is that what you want to do? Is that what you want to do?

THE DEFENDANT: Without an attorney, sir?

THE COURT: Is that what you want to do?

THE DEFENDANT: Are you addressing me without an attorney?

THE COURT: Is that what you want to do? Do you want to represent yourself today?

THE DEFENDANT: *I am not representing myself.*

THE COURT: If Mr. Lewis is not your lawyer, then you are representing yourself. We are going forward today.

\* \* \*

THE COURT: Did you go down to the new office location? It's right across the street from the old one? We are not prolonging this. That's that. You are either going to represent yourself or—

THE DEFENDANT: *I don't have to represent myself in a court of law.*

THE COURT: Is Mr. Lewis your attorney, yes or no?

THE DEFENDANT: Mr. Lewis isn't.

THE COURT: Okay. And if Mr. Lewis is not your lawyer then you are going to represent yourself

\* \* \*

THE COURT: So you are aware that by terminating Mr. Lewis at this point in the trial or at this point in this particular process, you are knowingly, intelligently and voluntarily releasing Mr. Lewis as your attorney. Is that correct?

THE DEFENDANT: As I said Mr. Lewis isn't prepared.

THE COURT: Are you releasing Mr. Lewis as your attorney?

THE DEFENDANT: Yes.

THE COURT: Okay. Then you are going to represent yourself.

THE DEFENDANT: *No.*

THE COURT: In this instance, yes you are. We are going forward today. Mr. Lewis I am going to appoint you as shadow counsel.

THE DEFENDANT: Mr. Lewis said he doesn't shadow clients.

THE COURT: The court is appointing him. (Emphasis added.)

{¶ 14} Following the preceding colloquy, the matter proceeded to trial. During the trial, appellant performed the voir dire, opening statement, and cross-

examined the state's witness, while Lewis performed the direct examination and the closing argument.

{¶ 15} Although appellant wished to terminate Lewis's representation, he never stated that he wished to waive his right to counsel and represent himself. In fact, when the trial court stated, "I have to go over with you some of the things that you give up by indicating that you want to represent yourself," appellant responded, "I didn't say I want to represent myself." When the trial court asked whether appellant wanted to represent himself, appellant stated, "I am not representing myself." Again, after the court stated to appellant, "You are either going to represent yourself or—," appellant responded, "I don't have to represent myself in a court of law." Finally, when the court stated, "Okay. Then you are going to represent yourself," appellant responded by stating, "No." We therefore conclude that appellant did not voluntarily waive his constitutionally guaranteed right to counsel. Accordingly, we reverse appellant's conviction and remand the case for a new trial consistent with this opinion.

{¶ 16} The judgment is reversed, and the cause is remanded to the lower court for further proceedings consistent with this opinion.

Judgment reversed<br>and cause remanded.

SWEENEY, A.J., and CELEBREZZE, J., concur.