[Cite as *Cleveland v. Dobrowski*, 2011-Ohio-6071.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 96113

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## KRZYSTOF DOBROWSKI

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 87 CRB 002268

**BEFORE:** Stewart, P.J., Cooney, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**    November 23, 2011

**ATTORNEY FOR APPELLANT**

Gary H. Levine
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, OH    44103

**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Interim Law Director
City of Cleveland

By:    Victor R. Perez
Chief Prosecutor

Jacqueline C. Greene
Certified Legal Intern
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, P.J.:

{¶ 1}   This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1,[1] the records from the Cuyahoga County Court of Common Pleas, and the briefs submitted by counsel.

---

[1] App.R. 11.1(E) states: "Determination and judgment on appeal.   It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."   See, also, Form 3, Appendix of Forms to the Rules of Appellate Procedure.

{¶ 2} Defendant-appellant, Krzystof Dobrowski, appeals the trial court's denial of his motion to vacate guilty/no contest plea to a misdemeanor charge of menacing. Dobrowski sought to vacate his plea due to the effect the conviction has on his immigration status. He complains that the plea was entered without counsel or waiver of counsel, and was constitutionally invalid since it was not entered knowingly and intelligently.

{¶ 3} The record in this matter is incomplete since very few documents and no transcript have been filed detailing the proceedings leading to Dobrowski's conviction. The unavailability of these materials makes meaningful appellate review difficult at best. Nevertheless, we refer to a certified copy of the Cleveland Municipal Court's journal entry in Case No. 87 CRB 002268, along with a notarized case disposition sheet, to recount the relevant facts in the underlying case.

{¶ 4} On February 11, 1987, Dobrowski was arrested and charged with domestic violence. The charge was later amended to menacing, a misdemeanor of the fourth degree. He entered his guilty/no contest plea in the Cleveland Municipal Court on the day of his arrest and was sentenced to ten days in the workhouse along with probation. Dobrowski subsequently filed a motion to expunge his conviction, and on April 7, 1999, this motion was denied with a journal entry indicating that he was "not eligible for expungement." On March 25, 2010, he filed a motion to vacate guilty/no contest plea that was denied by the trial court on October 19, 2010 and is the subject of this appeal.

{¶ 5} In his first assignment of error, Dobrowski argues that since the record reflects that his guilty/no contest plea was entered without the right to, or waiver of, counsel, the trial court erred when it denied his motion to withdraw his plea.

{¶ 6} The city argues that since Dobrowski did not raise the issue of lack of counsel in his motion to vacate, he has not preserved the matter for appeal.

{¶ 7} Upon review of the record, we find that Dobrowski did indeed fail to raise the issue of lack of counsel before the trial court. And contrary to the assertion made in his brief that the affidavit attached to his motion to vacate plea indicates that he was unrepresented, the affidavit merely states that he was not told by an attorney or judge about the effect of his plea on his immigration status, and does not allege that he was unrepresented. He has, therefore, waived all but plain error.

{¶ 8} Plain error exists when there is a deviation from a legal rule, the error is obvious on the face of the record, and the error affects a substantial right. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, at ¶16.

{¶ 9} A criminal defendant has a right to assistance of counsel pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, but may forego this right via a waiver that is voluntary, knowing, and intelligent. *Cleveland v. English*, 175 Ohio App.3d 458, 2008-Ohio-321, 887 N.E.2d 1205, ¶10. "There is a strong presumption against waiver of the fundamental constitutional right of counsel." Id. at ¶12.

{¶ 10} "Where questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima facie showing of constitutional infirmity. Once a prima facie showing is made that a prior conviction was uncounseled, the burden shifts to the state to prove that there was no constitutional infirmity." *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶11, citing *State v. Brandon* (1989), 45 Ohio St.3d 85, 543 N.E.2d 501. To establish a prima facie case, a defendant can present an affidavit, testimony, or other evidence to support his or her argument. *State v. Putich*, 8th Dist. No. 89005, 2008-Ohio-681, ¶20; *State v. Jackman*, 8th Dist. No. 89835, 2008-Ohio-1944, ¶15.

{¶ 11} As previously mentioned, there are scant records of Dobrowski's 24-year old conviction and no transcript of the proceedings. More importantly, in his affidavit, Dobrowski alleges that he was uninformed, not unrepresented. He, therefore, fails to make a prima facie showing that he was without counsel when entering his plea. Accordingly, his first assignment of error is overruled.

{¶ 12} In his second assignment of error, Dobrowski asserts that his plea is constitutionally invalid since it was not entered knowingly and intelligently. His affidavit asserts that at the time of his plea, he had limited skills in reading and speaking English since he had emigrated from Poland in 1979, and this prohibited him from understanding the nature of the charges when his plea was entered. He specifically argues that, because he was not told of the consequences that a guilty plea would have on

his immigration status, his pleas were uninformed and he has suffered a manifest injustice.

{¶ 13} The city points out that Dobrowski supports his arguments by referencing R.C. 2943.031, that mandates courts to advise defendants who are not U.S. citizens of the possibility of deportation, exclusion, or denial of naturalization prior to accepting a plea. The city argues that because the statute became effective after his conviction, it cannot be applied retroactively to this case. The city also argues that Dobrowski's affidavit positively proves his fluency in English and also asserts that Dobrowski is no stranger to the United States legal system, since he had been arrested and charged on three separate occasions during the six years prior to entering his plea.

{¶ 14} "[T]o correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. Under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Smith* (1977), 49 Ohio St.2d 261, 264, 361 N.E.2d 1324. "The movant must not only allege manifest injustice, but also support his allegation with specific facts contained in the record or in affidavits submitted with the motion." *State v. Gegia*, 157 Ohio App.3d 112, 2004-Ohio-2124, 809 N.E.2d 673, ¶ 8.

{¶ 15} Irrespective of whether a post-sentence motion to withdraw a guilty plea is premised upon the failure to advise of possible deportation or Crim.R. 32.1, an appellate court will review the trial court's decision under an abuse-of-discretion standard. *State v.*

*Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶32. The term "abuse of discretion" involves more than an error of law or judgment but instead implies that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

{¶ 16} R.C. 2943.031 became effective October 2, 1989, and states, in pertinent part: " [u]pon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in *** this section." Although Dobrowski relies on language contained in R.C. 2943.031 to bolster his argument that it was mandatory for the court to advise him of the potential for deportation, the city properly notes the inapplicability of the statute to this case.

{¶ 17} In *State v. Garcia*, 10th Dist. No. 08AP-224, 2008-Ohio-6421, ¶ 5, the "defendant filed a motion to withdraw his guilty plea, asserting the plea was not entered knowingly, intelligently, and voluntarily *** and contended he was not advised of the possible deportation consequences ***." In this instance, the court ruled that "[b]ecause the statute was not effective at the time defendant entered his plea, the trial court's failure to comply with the statute does not provide grounds for defendant to withdraw his guilty plea." Id. at ¶ 9. Similarly, Dobrowski entered his plea on February 21, 1987, prior to the effective date of the statute. Therefore, R.C. 2943.031 cannot be retroactively applied in this case.

{¶ 18} While Crim.R. 32.1 does not prescribe a time limitation for filing a motion to withdraw a guilty plea, "[t]he timeliness of the motion is a factor to consider in weighing credibility, as 'an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.'" *State v. Mays*, 174 Ohio App.3d 681, 2008-Ohio-128, 884 N.E.2d 607, ¶ 5, quoting *Smith*, 49 Ohio St.2d at 264.

{¶ 19} More than 23 years have elapsed since Dobrowski entered his guilty plea; moreover his attempt to expunge his conviction took place approximately 11 years ago. Dobrowski has therefore known of the impact of his plea and finding of guilt for quite some time.

{¶ 20} Both the Ohio and the United States Constitutions require that a defendant entering a guilty plea do so knowingly, intelligently, and voluntarily. *State v. Ortiz*, 8th Dist. No. 91626, 2009-Ohio-2877, citing *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450. In *State v. Arvanitis* (1986), 36 Ohio App.3d 213, 218, 522 N.E.2d 1089, the appellant complained that his plea was involuntary since counsel failed to inform him of the possibility of deportation. First, the reviewing court noted that at that particular time, "federal courts [held] that a defendant's misunderstanding or lack of knowledge of deportation consequences, without more, is insufficient to require the allowance of a post-sentence withdrawal of a guilty plea." Id. at 214. The court stated the "factors for trial courts to consider when deciding whether to permit withdrawal of a guilty plea in cases involving immigration consequences [include] "'the strength of

the defendant's reason for withdrawing the plea, including whether the defendant asserts his innocence of the charge \*\*\* [and] whether the defendant's misunderstanding of the collateral consequences of the plea is the result of misleading statements by governmental authorities or the defendant's own ignorance.'"'" Id. at 216, quoting *State v. Lopez* (Minn.App.1986), 379 N.W.2d 633, quoting *U.S. v. Russell* (C.A.D.C.1982), 686 F.2d 35, 41. The court then looked at the factual circumstances and found that the "defendant's plea was not influenced by counsel's failure to inform him of deportation consequences; and without this influence, defendant's plea was not involuntary." Id. at 218.

{¶ 21} In this instance, Dobrowski has not alleged innocence and there is no indication that either counsel or the court influenced Dobrowski's plea. He alleges that he was confused and lacked understanding as to the implications a guilty plea would have on his immigration status, but this fact alone is not legally sufficient to establish involuntariness. Dobrowski does not meet his burden of affirmatively proving manifest injustice. His second assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MELODY J. STEWART, PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., CONCURS IN JUDGMENT ONLY;
SEAN C. GALLAGHER, J., DISSENTS WITH SEPARATE OPINION

SEAN C. GALLAGHER, J., DISSENTING:

{¶ 22} I respectfully dissent. I would not only find the trial court abused its discretion, but I would also find plain error. I would not find that Dobrowski waived this issue. I would reverse the trial court's decision denying Dobrowski's request to withdraw his plea.

{¶ 23} I agree with the majority that Dobrowski failed to use the magic word "counsel" in his motion to vacate, but it is clear that the lack of counsel and the absence of a valid waiver are the true grounds for his request. I believe his affidavit sufficiently states a prima facie case and places the city on notice, effectively shifting the burden to the city to demonstrate there was not a constitutional infirmity. *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024.

{¶ 24} Here, the record is woefully lacking in any documentation showing that Dobrowski was either represented or effectively waived any representation.

{¶ 25} The majority is correct that R.C. 2943.031 was enacted after this plea, but I do not find that fact controlling. While I would like to think the rationale for adopting that law would have some impact on the sense of justice in this case, the fact is, this plea was deficient on its face. There is no evidence Dobrowski was represented by counsel

or that he effectively waived that representation. Whether five, ten, or 24 years passed, it is clear that an unrepresented Dobrowski was sent to jail with no evidence of a valid waiver. Further, Dobrowski had no reason to raise the issue until he was confronted with the prospect of deportation by the federal government.

{¶ 26} While I do not believe this record supports the view that Dobrowski waived his claim, even the law in existence prior to R.C. 2943.031 held that the failure of counsel to advise a defendant of deportation consequences in a guilty plea could be grounds for showing ineffective assistance of counsel on a case-by-case basis. *State v. Avanitis* (1986), 36 Ohio App.3d 213, 522 N.E.2d 1089. Certainly, the facts in this case warrant that review. Today, another branch of government wants to use the infirm conviction to deport Dobrowski. In my view, that is a manifest injustice that is grounds for finding an abuse of discretion supporting reversal of the trial court's decision.